**Melvin McGOWAN, Plaintiff-Appellant,**

v.

**KING, INC., Defendant-Appellee.**

No. 79–1952
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 5, 1980.

Phillip J. Brookins, Jackson, Miss., for plaintiff-appellant.

Young, Scanlon & Sessums, Pat H. Scanlon, Kenneth G. Stamps, Jackson, Miss., for defendant-appellee.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This Truth in Lending Act, 15 U.S.C. §§ 1601–1691f (1976), case began in August, 1973, when Melvin McGowan purchased clothes from King, Inc. The transaction was a credit sale under a form retail installment contract and security agreement. In May 1974, McGowan filed suit in the court below alleging that the form agreements violated the Truth in Lending Act[1] and Regulation Z.[2] The district court dismissed the complaint after a trial on the merits. On appeal, we reversed and held that McGowan was entitled to the civil penalty of twice the amount of the finance charge; the case was remanded to the district court for the awarding of an attorney's fee, under 15 U.S.C. § 1640(a)(3), for the work of McGowan's attorney both at trial and on appeal. *McGowan v. King, Inc.*, 569 F.2d 845 (5th Cir. 1978). We directed that the fee be determined in accordance with the guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

On remand, the district court held a hearing on the matter of attorney's fees; only the lawyers for the parties were present. McGowan's' lawyer, Mr. Walker, presented his time sheets, showing that he had expended 100.8 hours on the case—41.3 hours through trial, 53.4 hours on the first appeal and 6.1 hours on remand. Walker also testified. He explained how he had spent his time on the case and what he charged clients in similar cases, and he gave his opinion of the "going rate" for lawyers' services in the community. The district court then entered judgment for McGowan for $2,518.71.[3] That amount included the

$218.02 statutory damages awarded by this court in the prior appeal, $154.69 for counsel's out-of-pocket expenses, and $156.00 in-court costs. The remaining $2,000 consisted of "a reasonable attorney's fee for work performed in the District Court in the amount of $1,800.00 (60 hours at $30 per hour)" and "a reasonable attorney's fee for work performed in the United States Court of Appeals for the Fifth Circuit in the amount of $200.00." Record, vol. 1, at 178.

In this appeal, McGowan questions only the $200 fee for the appellate work; he concedes that the $1,800 for services performed in the district court is adequate. We have reviewed the district court's memorandum order setting the attorney's fees for work at both the trial and appellate levels and conclude that the court failed to apply the *Johnson* guidelines properly in arriving at the $200 fee for the appeal. Consequently, we must reverse this case once again and remand it so that reasonable fees may be set for the work of McGowan's attorney on the prior appeal and this appeal as well.

The determination of a reasonable attorney's fee is a matter for the sound discretion of the trial judge. *Norwood v. Harrison*, 581 F.2d 518 (5th Cir. 1978). "Yet, unless [the] court articulates some reasons for its award, we have no basis on which to review the exercise of that discretion." *Davis v. Fletcher*, 598 F.2d 469, 470 (5th Cir. 1979) (per curiam). The factors to be considered, according to *Johnson*, are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experi-

---

1. The case was filed under 15 U.S.C. § 1640 (1976).

2. 12 C.F.R. § 226 (1979). Regulation Z, promulgated by the Federal Reserve Board under

the authority of 15 U.S.C. § 1604, contains the standards for disclosure.

3. This figure is evidently the result of a clerical error; the amount should be $2,5_28.71.

ence, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–719. Here, the district court made brief findings, which we assume were addressed to the second, third and ninth *Johnson* factors, in these words: "These (Truth in Lending) cases are not complicated or complex but are technical and do not require a super-abundance of ability or experience to try them. The plaintiff('s counsel) in this case is an able attorney but his opinion and demands for his time are grossly exaggerated . . . ." Record, vol. 1, at 176. The court added that "any time actually spent in the trial and preparation of this case in excess of sixty hours would have been excessive." *Id.* Accordingly, the court allowed a fee based on 60 hours of work, even though counsel had spent only 41.3 hours at the trial level.

The court gave no indication as to the amount of time it considered reasonable for counsel's work on appeal, nor did it comment on counsel's representation that 53.4 hours had been spent. Without referring to any of the *Johnson* criteria, the court announced that $200 would be a fair fee.

■ The absence of findings on the *Johnson* criteria deprives us of the ability to review the district court's exercise of discretion. The matter must be remanded, therefore, for still further proceedings. On remand, the district court shall entertain argument of counsel on the weight to be given each *Johnson* criterion and make findings thereon, according each criterion the weight and significance it is due under the circumstances. Utilizing the same procedure, the district court shall also award McGowan fees for the work of his attorney in prosecuting this appeal and for the proceedings in the district court on remand. *Cf. Thomas v. Myers-Dickson Furniture Co.,* 479 F.2d 740, 748 (5th Cir. 1973) (attorney's fee for appeal on the merits of a Truth in Lending Act violation). At this stage in the case:

we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees. Although a settlement generally leaves every litigant partially dissatisfied, so does a judicial award for attorney's fees.

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 720.

King, Inc. would have us dismiss this appeal on the ground of accord and satisfaction. On February 26, 1979, after the entry of judgment below, King's counsel forwarded a check to McGowan's attorney, Walker, for the entire amount of the judgment. On March 1, 1979, Walker returned the check, stating that he was dissatisfied with the award of attorney's fees and intended to appeal. Six days later, the check was, again, sent to Walker. This time Walker did not return it.

■ "It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." *United States v. Hougham,* 364 U.S. 310, 312, 81 S.Ct. 13, 16, 5 L.Ed.2d 8 (1960). Therefore, McGowan is foreclosed from taking this appeal only if the parties mutually intended a final settlement of all the claims in dispute and a termination of the litigation. *diLeo v. Greenfield,* 541 F.2d 949, 952–53 (2d Cir. 1976); *Gadsden v. Fripp,* 330 F.2d 545, 548 (4th Cir. 1964). Plainly, there was no such intent here. No accord and satisfaction was reached, and this appeal is not barred.

REVERSED IN PART, and REMANDED.