Randolph F. MARSTON, Sr.,
Plaintiff–Appellee,

v.

RED RIVER LEVEE AND DRAINAGE
DISTRICT et al., Defendants,

Red River Levee and Drainage District,
Defendant–Appellant.

No. 79–1966.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1980.

Eric Roger Harrington, Natchitoches, La., William Jones, Dist. Atty., 39th Judicial Dist. of Louisiana, Coushatta, La., for defendant–appellant.

Mack E. Barham, New Orleans, La., for plaintiff–appellee.

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

GEE, Circuit Judge:

We affirm the judgment of the trial court on the basis of the findings made and for the reasons given in its opinions of January 31 and February 28, 1979. Two additional matters, raised on appeal and not considered below, require brief discussion.

At our request the parties have briefed and argued the question whether the result here is affected by an amendment of the pertinent Louisiana statute that was made during the pendency of this appeal. We conclude that it is not, since, even assuming that the amendment should control, in our view it produces the same result as the former statute. The issue is the measure of compensation due for land appropriated, as was this, in Louisiana for river–bank stabilization purposes.

In 1976, when Mr. Marston's land was taken, it was the law of Louisiana that the levee district had to pay as compensation only its assessed value, a minor percentage of fair market. Before trial, however, the state amended its pertinent statute [1] to require payment for such lands taken "at fair market value to the full extent of the loss." The amending act also provided:

> The compensation defined herein shall apply to all lands and improvements taken, damaged or destroyed for levee and levee drainage purposes after the effective date of this Act, and to the determination of just compensation in any expropriation or appropriation suit pending on July 10, 1978, involving lands and improvements taken, damaged or destroyed for levee and levee drainage purposes.

This was such a suit, and accordingly the court below awarded compensation at fair market value. In its opening brief on appeal the levee district attacked the award and the amended statute pursuant to which it was made as retroactive actions void under the Louisiana Constitution.

Thereafter, perhaps as an expression of concern about just such attacks,[2] the Louisiana Legislature again amended the pertinent statutory section, removing all reference to suits pending and providing: "The compensation defined herein shall apply to all lands and improvements appropri-

---

1. L.S.A.–R.S. 38:281.

2. The title of the 1979 amendatory act appears to express such a concern:

> Whereas, the Legislature of Louisiana enacted Act 314 of 1978 which contained provisions which were vague and indefinite particularly with respect to its retroactive application and with respect to lands used or destroyed for levees and levee drainage purposes for which fair market value must be paid; and
>
> Whereas, these provisions should be clarified in order to set forth clearly the intention of the Legislature of Louisiana in enacting said statute; therefore: . . . .

There is no other legislative history.

ated, used or damaged for levees and levee drainage purposes after the effective date of this Act, and to lands appropriated, used or damaged for levees and levee drainage purposes after July 10, 1978." We note the presence in the latest amendment of a new term: "used." Mr. Marston's acreage is unquestionably being so "used" as we write. On its face, therefore, the current amendment specifies fair market value as the measure of compensation for the lands concerned,[3] the same measure as that set by the earlier amendment.

■ Since these measures are the same, we need not decide which applies. One does, and we conclude that neither is constitutionally invalid. As for the former, the spirit of prohibitions on retroactive legislation is to prevent retrograde *exactions* by a government from its citizens; this is a retrograde act of grace. As for the latter, we see no reason why a legislature may not constitutionally require payment for continuing and uncompensated governmental use of a citizen's property, one limited—presumably—by Louisiana's prescriptive system of limitations. And at all events, we would act to invalidate Louisiana legislation as in conflict with the Louisiana Constitution only in a very clear case indeed. This is no such case.

■ The second additional issue that we must address is the propriety of awarding attorneys' fees for this appeal. The court below awarded such fees for the trial on the authority of Louisiana Revised Statutes 13:5111. This enactment provides that one like Mr. Marston, who succeeds in securing a judgment "in a *proceeding* brought against [a state agency] for compensation for the taking of property," is entitled to compensation "for reasonable attorneys' fees actually incurred because of such *proceeding* . . . ." (emphasis added). The statute does not specifically say whether it applies to appeals. Our experienced trial judge, however, concluded on the basis of his knowledge of Louisiana law that attorneys' fees were authorized at the trial stage of this pendent jurisdiction matter, a determination that is not seriously attacked before us, if at all. Surely this is as much a "proceeding" as that was. We conclude that such an award by us is authorized.

■ Our preferred procedure is to remand for the determination of the amount of such an award. The case is old, however; we think it should be concluded without further squabbling, if possible; and we are competent in a proper case to fix such fees. Former Justice Barham, Mr. Marston's counsel, has furnished us an affidavit showing fees and expenses of appeal totalling $6,567.66. This is broken down as 25 hours of his own at a rate of $100 per hour, 57 hours of associates at $65 per hour, and expenses of $362.66. The court below, however, concluded that at the time of its award $50 per hour was "the going rate in the area," and Justice Barham intimated at oral argument that he would prefer compensation at that rate to a remand for further proceedings. On the authority of King Solomon, on the basis of our own knowledge of such matters, and with an eye to economic trends during the almost two years since the award of fees at the then "going rate" below, we fix Justice Barham's rate of compensation at $60 per hour and that of his associates at $40 per hour. This indicates an aggregate fee for the appeal of $3,780, plus expenses of $362.66. These we allow. The judgment below, as supplemented here, is

AFFIRMED.

---

3. For several reasons, we deny the motion to certify to the Louisiana Supreme Court. First, this cause is long in the tooth and should be disposed of if that can be done by us with confidence. Second, the law involved seems clear on its face, and we are relatively certain of its meaning. Finally, even though the construction is of first impression, we cannot be sure that the Louisiana Supreme Court would assist us. Of the four cases certified there by us as this is being written, only one has been accepted. Two have been rejected, one is pending; and the delay of months that an unsuccessful attempt to certify would entail therefore seems unwarranted in the circumstances of this case.