Robert L. STOKES, Plaintiff-Appellant,

v.

FIDELITY ACCEPTANCE
CORPORATION,
Defendant-Appellee.

No. 79–1087.

United States Court of Appeals,
Fifth Circuit.

April 27, 1981.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.

Lucian Lamar Sneed, Decatur, Ga., for defendant-appellee.

Before HENDERSON, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Robert L. Stokes filed this action against Fidelity Acceptance Corporation (hereinafter referred to as "Fidelity") alleging violations of the Truth-in-Lending Act, 15 U.S.C.A. § 1601 *et seq.* Fidelity answered, admitting the general factual allegations of the complaint, but denying non-compliance with truth-in-lending disclosure requirements. Stokes then sought leave to amend the complaint to assert a cause of action for wilful violations of the Georgia Motor Vehicle Sales Finance Act, Ga.Code Ann. § 96–1001 *et seq.* He also moved for partial summary judgment on the truth-in-lending claim. The district court, acting upon the magistrate's recommendations, granted both motions. Stokes was awarded the maximum statutory penalty of $1,000.00 on the federal claim. 15 U.S.C.A. § 1640.

At this juncture, the district court remanded the case to the magistrate and ordered Stokes' attorney to submit his claim and supporting affidavit for attorney's fees. The attorney complied with this directive, seeking compensation for 5.75 hours at a base rate of $50.00 per hour, to be enhanced by 33⅓ percent due to the contingent nature of his fee arrangement. Among the 5.75 hours was one hour designated as "anticipated future time in prosecuting case."

The magistrate recommended that the "future time" hour and any enhancement of the $50.00 per hour rate be disallowed.

Stokes' subsequent motion for summary judgment on the pendent Georgia cause of action was unopposed. Accordingly, the magistrate recommended that the motion be granted, but concluded that Stokes was entitled under Ga.Code Ann. 96–1008(c) to the minimum statutory penalty of $100.00, rather than the amount he sought of twice the illegal finance charge. The district court adopted the magistrate's recommendations both as to the attorney's fee award and the appropriate Georgia penalty. Stokes appeals from these portions of the judgment. We reverse and remand.

■ Section 96–1008(c) provides that, in the case of a wilful violation of the Georgia Motor Vehicle Sales Finance Act, the buyer may recover "a minimum of $100.00, or double the time price differential . . ." plus attorney's fees and court costs. Stokes maintains that Fidelity attempted to extract from him an illegal finance charge of at least $1,825.20, and that, under the terms of the statute, he is entitled to an award of double that amount. The magistrate apparently construed the statute to authorize the court to award, in its discretion, *either* the $100.00 minimum *or* double the time price differential. Although we find no Georgia decision interpreting this penalty provision, we are convinced that Stokes' position is correct. Section 96–1008(b) provides for the forfeiture of the finance charge as a consequence of any violation of the statute, regardless of its character. Surely the Georgia legislature did not intend by its language in § 96–1008(c) to allow courts to choose the $100.00 penalty in cases involving wilful violations. Rather, it seems clear that the $100.00 minimum was meant to apply only in cases where the illegal finance charge amounted to less than $50.00. Since the district court erroneously followed the magistrate's recommendation to impose the minimum $100.00 penalty, we remand so that the award may be reassessed in accordance with this opinion.

■ The attorney's fees issues also require attention on remand. Stokes' counsel

relied primarily on this court's opinion in *Wolf v. Frank*, 555 F.2d 1213 (5th Cir. 1977), in seeking 33⅓ percent enhancement of his normal hourly rate for truth-in-lending litigation. In recommending denial of this request, the magistrate correctly noted that the *Wolf* decision was expressly confined to its facts. However, counsel acknowledges that 33⅓ percent is not a magical figure, and we agree with his contention that, pursuant to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), the district court should have at least considered the contingency factor in assessing appropriate attorney's fees. The magistrate made abbreviated findings with respect to only a few of the *Johnson* factors, and his comment regarding *Wolf* constituted the entire discussion of contingency as a basis for enhancement. The applicability of the *Johnson* criteria must be more fully developed on remand.

As far as the uncompensated hour labeled "future time" is concerned, we need only observe that the anticipated work has long since been performed and that the time necessary for its accomplishment is no longer a matter of conjecture. On remand, Stokes' counsel may file a supplemental claim for attorney's fees taking into account the hour previously disallowed as well as any additional time actually expended below. The district court shall also award fees for the efforts of Stokes' counsel in prosecuting this appeal and in connection with the proceedings on remand. *See Reneau v. Mossy Motors*, 622 F.2d 192 (5th Cir. 1980); *Bustamante v. First Federal Savings & Loan Association of San Antonio*, 619 F.2d 360 (5th Cir. 1980); *McGowan v. King, Inc.*, 616 F.2d 745 (5th Cir. 1980).[1]

The case is REVERSED and REMANDED for proceedings consistent herewith.

---

1. As is apparent from the cited opinions, this court does not agree with the magistrate's conclusory remark that counsel is not entitled to compensation for the time spent in litigating the attorney's fees issues.