Melvin McGOWAN, Plaintiff-Appellant,

v.

KING, INC., Defendant-Appellee.

No. 81–4005

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1981.

Rehearing Denied Dec. 22, 1981.

Phillip J. Brookins, Jackson, Miss., for plaintiff-appellant.

Kenneth G. Stamps, Jackson, Miss., for defendant-appellee.

Before CHARLES CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

**50**

ALVIN B. RUBIN, Circuit Judge:

█ The adequacy of an award of attorney's fees, like many other decisions that cannot be made with formulaic precision, rests on the sound discretion of the trial judge. We do not make this precept mere cant by petty interference with the exercise of that discretion. When, however, the trial judge's decision so far transgresses the bounds of informed judgment as to be manifestly unsound, we are compelled reluctantly to substitute our judgment for his. In this case the trial judge allowed a litigant, whose counsel had twice successfully appealed to this court, a fee for their services that was so stingy as to amount to abuse of discretion. We, therefore, reverse and, instead of remanding, fix the total fee.

█ Time alone is not the measure for counsel's fees. If counsel is, like the taxi driver who takes a circuitous route, imbued with hope of being rewarded with a fee measured only by the meter reading at the end of the journey, the statutory grant of attorney's fees would become a bounty for crafty lawyers. *See Weeks v. Southern Bell Tel. & Tel. Co.*, 467 F.2d 95, 98 (5th Cir. 1972) (per curiam). Time must, however, be recognized else opposing counsel might make every case unrewarding by requiring maximum exertion and thus effectively prevent effectuation of one of the purposes of statutes authorizing the award of attorney's fees: to enable the litigant to gain the services of counsel.

Over seven years ago, Melvin McGowan sued for violation of the Truth in Lending Act, 15 U.S.C. §§ 1601–1667e, and failure to make the disclosures required by Regulation Z, 12 C.F.R. pt. 226. After trial on the merits, the district judge dismissed the suit, and McGowan appealed. We reversed, holding the borrower entitled to recover a penalty amounting to twice the finance charge, and remanded with a mandate to award, in addition, a reasonable fee for his attorney's services both at trial and on appeal, to be determined in accordance with the guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714

(5th Cir. 1974). *McGowan v. King, Inc.*, 569 F.2d 845, 850 (5th Cir. 1978) (*McGowan I*).

The district judge fixed the fee at $1800 for trial and $200 for the appeal. McGowan elected not to appeal the award for trial services but appealed the award for services on appeal, contending that $200 was inadequate. We held that the district judge's failure to apply the *Johnson* guidelines prevented meaningful review and again remanded to the district judge, directing him to "entertain argument of counsel on the weight to be given each *Johnson* criterion and make findings thereon, according each criterion the weight and significance it is due under the circumstances." We also ordered him to award McGowan fees "for the work of his attorney in prosecuting this appeal and for the proceedings in the district court on remand." *McGowan v. King, Inc.*, 616 F.2d 745, 747 (5th Cir. 1980) (per curiam) (*McGowan II*).

The district judge then held a hearing and received affidavits. He rendered judgment awarding McGowan $6,000, "less all mounts [*sic*] previously paid by the defendant to the plaintiff, or his attorneys in this case." To determine the amount of the award for attorney's fees in the two successful appeals and the final trial, we must dissect this $6,000 award. Apart from attorney's fees for the two appeals and the the final trial, the plaintiff was entitled to:

| | |
|---|---|
| Statutory damages | $ 218.02 |
| Interest on statutory damages | 15.40 |
| Taxable costs for *McGowan I* and *McGowan II* | 454.29 |
| Out-of-pocket expenses to reimburse counsel | 154.69 |
| Court costs in district court | 156.00 |
| Attorney's fees for trial on merits | 1,800.00 |
| DUE PLAINTIFF EXCLUSIVE OF ATTORNEYS'S FEES FOR APPEALS | $ 2,798.40 |

Therefore, the actual award for attorney's fees was $3,201.60.

A different lawyer represented McGowan in his second appeal and on second remand. The time his two lawyers spent (in hours), apart from services in the trial on the merits, was shown to be:

| Attorney | First Appeal | First Remand | Second Appeal | Second Remand | TOTALS |
|---|---|---|---|---|---|
| Mr. Walker | 53.4 | 15.1 | 4.5 | 1.1 | 74.1 |
| Mr. Brookins | -- | -- | 38.8 | 8.6 | 47.4 |
| TOTALS | 53.4 | 15.1 | 43.3 | 9.7 | 121.5 |

The services were rendered over a period of five years:

| Attorney | 1976 | 1977 | 1978 | 1979 | 1980 | TOTALS |
|---|---|---|---|---|---|---|
| Walker | 27.6 | 24.5 | 15.1 | 5.8 | 1.1 | 74.1 |
| Brookins | -- | -- | -- | 38.3 | 9.1 | 47.4 |
| TOTALS | 27.6 | 24.5 | 15.1 . | 44.1 | 10.2 | 121.5 |

The *Johnson* factors that we must apply are:

1) Time and labor required;
2) Novelty and difficulty of the questions;
3) Skill requisite to perform the legal service properly;
4) Preclusion of other employment;
5) Customary fee;
6) Whether the fee is fixed or contingent;
7) Time limitations imposed by the client or the circumstances;
8) Amount involved and results obtained;
9) Experience, reputation, and ability of the attorneys;
10) "Undesirability" of the case;
11) Nature and length of the professional relationship with the client; and
12) Awards in similar cases.

488 F.2d at 717–19.

The borrower's counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.

The affidavits of other lawyers, uncontradicted and accepted without objection, showed that they had personally reviewed the pleadings, briefs, and papers in the case. Each stated the opinion that the itemized services of McGowan's two lawyers, Walker and Brookins, were "reasonable and necessary to the successful prosecution of this case" and that the hours claimed were "reasonable and not excessive" for attorneys having similar skill, experience, and competence. The defendant did not dispute plaintiff's affidavits or make any showing that time claimed was not actually expended by McGowan's lawyers, nor did defendant present any evidence or affidavits that other lawyers would have required less time to perform the services shown.

The question presented in *McGowan I* was complex. The district court characterized the issues involved as "very technical and very difficult." Both *McGowan I* and *McGowan II* established circuit precedent. *McGowan I*[1] has been cited by us eleven times, by district courts in this circuit seven times, by courts in other circuits nine times, and by state courts seven times; and it has been cited in three *American Law Reports*

1. *McGowan I* established that Regulation Z requires the use of the specific term "deferred payment price," that reliance on legal counsel is not itself a defense to a failure to use required terminology, and that Truth in Lending attorney's fees should be determined under the *Johnson* criteria.

*(Federal)* annotations. *McGowan II* has been cited by us four times.[2]

Not only was there testimony that McGowan's attorneys were experienced and competent; the district court found, "[i]rrefragably, these lawyers are competent and qualified in the handling and disposition of these Truth-in-Lending cases."

Plaintiff's evidence showed that the customary and noncontingent hourly fees for routine federal litigation by competent attorneys in the Jackson, Mississippi, area were as follows:

| Year | Customary Hourly Fees | Median |
|------|----------------------|--------|
| 1976 | $45–$55 | $50 |
| 1977 | $45–$55 | $50 |
| 1978 | $45–$75 | $60 |
| 1979 | $50–$80 | $65 |
| 1980 | $55–$85 | $70 |

We touch the other *Johnson* considerations briefly. Employment in this case did not prevent McGowan's lawyers from accepting other work; the fee was contingent; there were no significant time limitations; the amount involved was small but the issue was significant and the result was a complete victory; the case was not inherently undesirable; the lawyers had no significant relationship with their client before or after the case; and no evidence was adduced to suggest that fee awards in similar cases differed significantly from the fee award sought in this case.

■ The Truth in Lending Act was not intended to be an endowment for lawyers, but neither was it designed to impose a pro bono sacrifice upon lawyers who undertake such cases. Fees for Truth in Lending cases are to be computed like fees in other cases. *See McGowan I*, 569 F.2d at 850; *accord, Reneau v. Mossy Motors*, 622 F.2d 192, 196 (5th Cir. 1980) (per curiam); *Bustamante v. First Fed. Sav. & Loan Ass'n*, 619 F.2d 360, 365 (5th Cir. 1980); *McGowan II*, 616 F.2d at 746; *Gerasta v. Hibernia Nat'l Bank*, 575 F.2d 580, 584 (5th Cir. 1978). Congress sought to create a system of private attorneys general to aid in the effective enforcement of the Act. *See Smith v. Chapman*, 614 F.2d 968, 971 (5th Cir. 1980); *McGowan v. Credit Center, Inc.*, 546 F.2d 73, 77 (5th Cir. 1977). The fees awarded should be adequate to achieve that purpose.

■ Plaintiff's counsel did not spend any significant amount of time on issues on which McGowan did not prevail. There was no showing or suggestion of substantial duplication of efforts. This is the third appeal of this case and the district court has indicated that it will be difficult for plaintiff to obtain a fee in that court based on the *Johnson* criteria; the case is old, having its genesis in a credit sale transaction that occurred in August 1973; the evidence submitted in support of the fee request is essentially uncontradicted and documentary in nature; and, to the extent the district court made findings on the *Johnson* criteria, the findings generally weighed in plaintiff's favor or were not inconsistent with the fee requested below. Under similar circumstances, we have ourselves made an award of fees. *E.g., Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 468 (5th Cir. 1980); *Neely v. City of Grenada*, 624 F.2d 547, 550 (5th Cir. 1980).

■ In the district court, plaintiff requested a fee award in the amount of $11,557 for the services of his attorneys. This fee request was based on a claim of 47.4 hours at a base hourly rate of $70 plus a 25% "bonus" or "contingency" increase for Mr. Brookins's work and a claim of 74.1 hours at a base rate of $75 per hour and a 33⅓% "bonus" or "contingency" increase for Mr. Walker's work. At the time of the services in this case, save for the services on first appeal, a fee was assured. Although

---

2. *McGowan II* was heard after the plaintiff accepted the award of damages and fees for trial on the merits and sought to appeal only the award for services on appeal in *McGowan II*. It was the first Fifth Circuit case to apply directly the principle enunciated in *United States v. Hougham*, 364 U.S. 310, 312, 81 S.Ct. 13, 16, 5 L.Ed.2d 8 (1960), that the mere acceptance of payment of the amount of an inadequate judgment does not preclude an appeal seeking an increased judgment. 616 F.2d at 747.

the services appear to have been of high quality, the hourly fees requested appear to us to be adequate. Accordingly we set the fee for Mr. Brookins at $3318 and the fee for Mr. Walker at $5557.50.

We previously urged the parties to seek to settle the attorney's fees issue without further litigation. *McGowan II*, 616 F.2d at 747 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 720). That having failed, we cannot say that the fees of plaintiff's counsel should be reduced because of the stoutness of the defenses they have been obligated to overcome. To the amount sought, we add an allowance of $1000 for services rendered in this appeal, and we direct the district court to enter judgment in favor of the plaintiff and against the defendant for $8875.50 for services rendered before this appeal and for $1000 for services rendered in this appeal, making the total fee $9875.50 plus costs, with interest from the date of judgment.

REVERSED.