39 F.3d 1151
 31 Fed.R.Serv.3d 338
 Lynda CRAWFORD, as Administratrix of the Estates of Lois
Vivian Parker Kelley, and James Wayne Kelley, deceased;
Cynthia Lucas, as Mother and next friend of Jonathan Lucas,
a minor child, Plaintiffs-Appellants,
v.
ANDREW SYSTEMS, INC.; Dwayne Davis, Defendants-Appellees.
 No. 94-6064.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 8, 1994.
 
 Glenda C. Cochran, Sandra L. Vinik, Birmingham, AL, for appellants.
 Turner B. Williams, Charles E. Sharp, Birmingham, AL, for appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before CARNES and BARKETT, Circuit Judges, and JOHNSON, Senior Circuit Judge.
 BARKETT, Circuit Judge:
 
 
 1
 Plaintiffs-Appellants Lynda Crawford (administratrix of the estates of decedents Lois Vivian Parker Kelley and James Wayne Kelley) and Cynthia Lucas (mother and Next Friend of minor Jonathan Lucas) appeal from a decision of the United States District Court for the Northern District of Alabama. The district court, in the absence of a motion for a directed verdict, granted a judgment notwithstanding the verdict ("JNOV"). Appellants argue that the district court improperly granted the JNOV. We agree and reverse.
 
 
 2
 This case concerns a motor vehicle accident which occurred on Interstate Highway 65 in Alabama on September 26, 1992. Defendant-Appellee Dwayne Davis ("Davis") was driving a tractor-trailer owned by Defendant-Appellee Andrew Systems ("Andrew Systems") when the trailer became unhitched from the van, traveled across the median strip separating the northbound and southbound lanes of Interstate 65 and struck the automobile of Lois and John Kelley. The collision caused the deaths of Lois and John Kelley, and serious injury to their passenger Jonathan Lucas, a minor.
 
 
 3
 Appellants Crawford and Lucas brought tort claims against Andrew Systems and Davis, based on negligence, respondeat superior and negligent entrustment. Following Bruck v. Jim Walter Corp., 470 So.2d 1141 (Ala.1985), and Wilder v. DiPiazza, 481 So.2d 1091 (Ala.1985), the trial court severed the entrustment claim so that the same jury could hear it in a second trial. At the end of testimony in the first trial, plaintiffs moved for judgment as a matter of law on the issue of liability under respondeat superior, pursuant to Rule 50 of the Federal Rules of Civil Procedure.[1] The district court granted the motion. Thereafter, the jury returned verdicts of $2,250,000 in punitive damages for each of the estates of Lois Kelley and John Kelley, and $100,000 in compensatory damages for injuries to Jonathan Lucas, the minor.
 
 
 4
 During the second trial on the claim of negligent entrustment the court admitted additional evidence of Davis' driving record, training and habits. Andrew Systems did not move for judgment as a matter of law at the close of its case, and the court without objection submitted the issue of negligent entrustment to the jury. The court instructed the jury that it could either reconfirm its earlier verdict or modify its earlier assessment of damages either upward or downward. The jury increased its net award to $4,000,000 in punitive damages for each of the two wrongful death claims. The parties made no post-trial motions following the verdicts. After dismissing the jury, the trial court, sua sponte, set aside this second verdict for insufficient evidence, effectively reducing each of the punitive damage awards from $4,000,000 to $2,250,000.
 
 
 5
 Appellants then moved to withdraw the funds that appellees had paid into the district court pursuant to the first verdict. Appellees made no objection and the district court entered an order granting appellants' motion, noting in its order that "plaintiffs do not intend any withdrawal of funds to operate as a waiver of their right to recover any additional sums," and remarking that "the effect of any withdrawal is a matter to be determined by the appellate court." Thereafter, appellants withdrew $4,612,407.71 representing the judgment of the first verdict plus accrued interest.
 
 
 6
 Andrew Systems now claims that this withdrawal of funds bars appellants from pursuing this appeal. They argue that under Alabama state law payment of a lesser amount in dispute operates as a satisfaction of a judgment. The Federal common law rule, however, leads to a different result. In United States v. Hougham, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960) reh. den. 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372 (1960), the Supreme Court applied Federal common law to the issue of accord and satisfaction stating:
 
 
 7
 It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim.
 
 
 8
 Id. at 312, 81 S.Ct. at 16; see also United States v. F.D. Rich Co., 525 F.2d 760, 764 (7th Cir.1975); Donovan v. Penn. Shipping Co., 429 U.S. 648, 649-50, 97 S.Ct. 835, 837, 51 L.Ed.2d 112 (1977); McGowan v. King, Inc., 616 F.2d 745, 747 (5th Cir.1980); Fromson v. United States, 32 Fed.Cl. 1, 10 n. 13 (1994).
 
 
 9
 This Circuit has addressed the issue only indirectly. In Fidelcor Mortgage v. Insurance Co. of North America, 820 F.2d 367 (11th Cir.1987), this court applied the applicable Federal common law, looking to state law only to determine whether the portion of the judgment which was satisfied was distinct from the portion appealed. The court accepted the principle that when a court adjudicates separable or divisible controversies, the appealing party may accept the benefit of the divisible feature in his favor and challenge the portion adverse to him. Wynfield Inns v. Edward LeRoux Group, Inc., 896 F.2d 483, 489 (11th Cir.1990); Price v. Franklin Investment Co., 574 F.2d 594, 597 (D.C.Cir.1978); Luther v. United States, 225 F.2d 495, 497 (10th Cir.1954).[2]
 
 
 10
 In this case, there is no question that the part of the judgment appealed from is separate and distinct from the part that was satisfied, and there is no question that the amount of the first judgment is uncontested. Thus, under Federal common law, which we find to be applicable, acceptance of benefits, or the accord and satisfaction doctrine, does not bar the appeal in this case.
 
 
 11
 Having decided that Crawford and Lucas are entitled to appeal, we find that they are entitled to prevail on the merits as well. Rule 50 of the Federal Rules of Civil Procedure requires that a motion for judgment as a matter of law be made prior to submission of the case to the jury.[3] The advisory committee's notes to Rule 50(a)(2) state that "[t]he purpose of this requirement is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment." Fed.R.Civ.P. 50(a)(2) advisory committee's notes (1991 amendment).
 
 
 12
 This court has addressed this subject in two recent cases. In Mark Seitman & Assoc. v. R.J. Reynolds Tobacco Co., 837 F.2d 1527 (11th Cir.1988), the court said:
 
 
 13
 Although [defendant] moved for a directed verdict at the close of [plaintiff's] case, it failed to renew the motion at the close of its own case. A defendant's motion for a directed verdict at the close of the plaintiff's case will not suffice unless it is renewed at the close of all the evidence. Therefore, the district court had no authority to entertain [defendant's] motion for a judgment notwithstanding the verdict, and we are foreclosed from deciding whether the evidence was sufficient to support the verdict.
 
 
 14
 Id. at 1531 (emphasis added). In Sims' Crane Service v. Ideal Steel Products, Inc., 800 F.2d 1553 (11th Cir.1986), this court reversed the trial court's granting of defendant's motion for a judgment notwithstanding the verdict because the defendant had never moved for a directed verdict. We noted that Rule 50(b) requires that a party move for a directed verdict so that opposing counsel will not be "ambushed" or "sandbagged" regarding the sufficiency of the evidence adduced at a point in the trial proceedings when it is too late to address possible insufficiencies. The purpose of Rule 50(b), we explained, was "to avoid making a trap" out of a motion for JNOV. Id. at 1557.
 
 
 15
 In this case, although Andrew Systems never made a motion for a directed verdict either prior to the submission of the case to the jury or even after the jury returned a verdict against Andrew Systems, the district court ruled sua sponte that the evidence supporting that verdict was legally insufficient. Consequently, plaintiffs Crawford and Lucas had no notice of, and therefore no opportunity to address or cure, possible insufficiencies in the evidence. Just as we would not permit defendants who had made no previous motion to ask the court to rule on the legal sufficiency of the evidence once a verdict had been returned against them, we cannot permit the district court to so rule sua sponte.
 
 
 16
 For reasons stated in the foregoing, we hold that where defendants made no motion for a directed verdict, the district court had no authority to grant a judgment notwithstanding the verdict. We reverse the order granting that judgment and remand the case for further proceedings consistent with this opinion.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 [1]
 Fed.R.Civ.P. 50 states in pertinent part:
 (a) Judgment as a Matter of Law
 (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
 (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.
 (b) Renewal of Motion for Judgment After Trial; Alternative Motion for New Trial.
 Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 10 days after entry of judgment. A motion for a new trial under Rule 59 may be joined with a renewal of the motion for judgment as a matter of law, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law. If no verdict was returned, the court may, in disposing of the renewed motion, direct the entry of judgment as a matter of law or may order a new trial.
 
 
 [2]
 See also Dempsey v. United States, 32 F.3d 1490 (11th Cir.1994) (Carnes, J., concurring)
 
 
 [3]
 See note 1, supra