United States Court of Appeals,

Eleventh Circuit.

No. 96-6060.

Lynda CRAWFORD, as Administratrix of the Estates of Lois Vivian Parker Kelley and James Wayne Kelley, deceased, Plaintiff-Appellant,

Cynthia Lucas, as Mother and next friend of Jonathon Lucas, a minor child, Plaintiff,

v.

ANDREW SYSTEMS, INC., Dwayne Davis, Defendants-Appellees.

Aug. 15, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. 93-P-840-San C. Pointer, Jr., Judge.

Before BLACK, Circuit Judge, RONEY, Senior Circuit Judge, and BURNS[*], Senior District Judge.

PER CURIAM:

Appellant challenges the district court's holding that an unauthorized judgment does not start the clock for a Rule 59(b) motion for new trial. We hold that the 10-day period contemplated by Rule 59(b) does not begin to run until after the entry of a valid judgment and affirm the district court.[1]

## I. BACKGROUND

Dwayne Davis was driving a van on an interstate highway while towing an empty flat-bed trailer. The trailer separated from the van, crossed the median, and struck a vehicle traveling in the opposite direction. That automobile was occupied by Lois and Wayne Kelley and their infant grandson, Jonathon Lucas. The collision killed the Kelleys and injured Jonathon. Lynda Crawford, Administratrix of the Kelleys' estates, and Cynthia Lucas, Jonathon's mother, sued under Alabama state law to recover for the injuries inflicted. Specifically, Crawford and Lucas brought tort claims against Davis and his employer, Andrew Systems, Inc. (Andrew Systems), based on negligence,

---

[*]Honorable James M. Burns, Senior U.S. District Judge for the District of Oregon, sitting by designation.

[1]After carefully considering the other issues raised on appeal, we affirm the district court's grant of summary judgment. *See* 11th Cir. Rule 36-1.

respondeat superior, and negligent entrustment. The trial court severed the negligent entrustment claim so that the same jury could hear it in a second trial. Pursuant to Rule 50 of the Federal Rules of Civil Procedure, at the end of the testimony in the first trial, Crawford and Lucas moved for judgment as a matter of law on the issue of liability under respondeat superior. The district court granted the motion. Thereafter, the jury returned verdicts in favor of the plaintiffs, awarding the estates of Lois Kelley and John Kelley $2,250,000 each in punitive damages and Jonathon Lucas $100,000 in compensatory damages.

During the trial on the claim of negligent entrustment, the court admitted additional evidence of Davis' driving record, training, and habits. Andrew Systems did not move for judgment as a matter of law at the close of its case, and the court submitted the issue of negligent entrustment to the jury without objection. The court instructed the jury that it could either reconfirm its earlier verdict or adjust its earlier assessment of damages. The jury elected to increase its punitive damage award on each of the two wrongful death claims to $4,000,000. The parties made no post-trial motions at that time. After dismissing the jury, the trial court, *sua sponte,* set aside this second verdict for insufficient evidence, effectively reducing each of the punitive damage awards from $4,000,000 to $2,250,000.

In accordance with the district court's ruling, Andrew Systems paid the judgment and appellants withdrew $4,612,407.71, representing the judgment of the first verdict plus accrued interest. Appellants appealed to this Court, maintaining that the district court lacked the authority to *sua sponte* set aside the second verdict for insufficient evidence. This Court agreed and "reverse[d] the order granting that judgment and remand[ed] the case for further proceedings." *See Crawford v. Andrew Systems, Inc.,* 39 F.3d 1151, 1154 (11th Cir.1994).

Within 10 days of the entry of judgment on remand, Andrew Systems filed a motion for a new trial on the negligent entrustment claim. The trial court granted that motion. Andrew Systems then moved for summary judgment on the negligent entrustment claim. The trial court granted that motion as well. The present appeal concerns only the negligent entrustment claim on which the court granted summary judgment after remand.

## II. ANALYSIS

Appellants argue that the Appellee's motion for a new trial was time barred under Rule 59(b). They maintain that the pre-appeal judgment of the district court was not void, and, even if it were, time runs from all judgments, whether void or not. We find this argument unpersuasive. It is clear from this Court's decision in *Crawford* that the district court's initial judgment was unauthorized. *See id.* at 1154 (the district court "had no authority to grant a judgment notwithstanding a verdict"). We think it self-evident that when a court of appeals reverses a judgment on the ground that it was unauthorized, the case is left without a judgment until the district court enters one that is authorized by the law.

Under Rule 59(b), "[a]ny motion for new trial shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(b). This Court voided the original judgment entered on January 14, 1994. As a result, no valid judgment existed on Appellant's negligent entrustment claim until the district court entered judgment on remand. The latter judgment—the first valid judgment entered by the district court—triggered the Rule 59(b) clock. The district court entered that judgment on March 29, 1995. Accordingly, when Andrew Systems filed its successful motion for new trial on March 31, 1995, it was within the 10-day period provided for by Rule 59(b).[2]

AFFIRMED.

---

[2]We note that until the March 29, 1995, judgment was entered, no judgment existed that was adverse to Andrew Systems' interests. Thus, as a practical matter, there was no reason for Andrew Systems to file a motion for new trial until the judgment was entered on remand.