# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30548

————————

J. Cory Cordova,

*Plaintiff—Appellant*,

*versus*

Louisiana State University Agricultural & Mechanical College Board of Supervisors; Karen Curry; Nicholas Sells; Kristi Anderson; University Hospital & Clinics, Incorporated; Lafayette General Medical Center, Incorporated; Lafayette General Health System, Incorporated,

*Defendants—Appellees*,

CONSOLIDATED WITH

————————

No. 22-30732

————————

J. Cory Cordova,

*Plaintiff—Appellant*,

*versus*

Louisiana State University Agricultural & Mechanical College Board of Supervisors; Karen Curry; Nicholas Sells; Kristi Anderson,

*Defendants—Appellees.*

---

Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 6:19-CV-1027

---

Before Ho, Oldham, and Douglas, *Circuit Judges.*

Per Curiam:[*]

These consolidated appeals arise from an untimely motion for post-judgment relief under Federal Rule of Civil Procedure 60(b). We affirm the district court's denial of that motion, affirm the district court's award of attorney fees to the appellees, and remand the case to the district court to calculate damages under Federal Rule of Appellate Procedure 38.

I.

J. Cory Cordova, a former medical resident in LSU's program at Lafayette General Hospital, was kicked out of his residency program after his first year due to substandard performance. Cordova sued LSU, the program director, the department head, and the director of graduate medical education ("LSU Defendants"), as well as several entities related to Lafayette General Hospital ("Lafayette General Defendants"), and his former lawyer in Louisiana state court.

The LSU Defendants removed to federal court. *See* 28 U.S.C. § 1441. The LSU and the Lafayette General Defendants moved for summary

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment on Cordova's claims against them. After a hearing, the district court granted summary judgment and dismissed those claims with prejudice.

The LSU and the Lafayette General Defendants then moved for the entry of final judgment on the claims against them. *See* Fed. R. Civ. P. 54(b). While these motions were pending, Cordova moved to remand. The district court referred Cordova's remand motion to a magistrate judge, who recommended remanding the remaining state law malpractice claims. The district court adopted the recommendation, remanded the malpractice claims, and entered final judgment on Cordova's claims against the LSU and the Lafayette General Defendants on March 24, 2021.

Cordova untimely appealed on April 27, 2021. So we dismissed his appeal as untimely under Federal Rule of Appellate Procedure 4(a)(1)(A). *See Cordova v. La. State Univ. Agri. & Mech. Coll. Bd. of Supervisors*, 2022 WL 1102480 (5th Cir. 2022) (per curiam).

Next, on July 8, 2022, Cordova moved to vacate the March 24, 2021, judgment. *See* Fed. R. Civ. P. 60(b). The district court denied that motion. Cordova appealed that denial, which we docketed as No. 22-30548. The district court also awarded the LSU Defendants attorney fees ($11.582.50) and costs ($637.54) for defeating the Rule 60(b) motion. Cordova appealed that order, too, and we docketed it as No. 22-30732. On Cordova's suggestion, *see* Blue Br. No. 22-30732, at iii, we consolidated the appeals.

## II.

We begin with the district court's denial of Cordova's Rule 60(b) motion. Our review is for abuse of discretion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) ("It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion.").

Cordova first argues that the district court lacked subject matter jurisdiction because the action belongs in state court not federal court. Under the well-pleaded complaint rule, a defendant can remove a case to federal court where the plaintiff's cause of action arises under federal law. *See* 28 U.S.C. § 1441; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257 (1916). Here, Cordova repeatedly alleged the defendants violated his Fourteenth Amendment due process rights under the United States Constitution. *See* ROA.235–36 (alleging the defendants "violated Dr. Cordova's due process rights established in the *federal* and state constitutions" and quoting the Fourteenth Amendment (emphasis added)). That plainly made the case removable and gave the district court federal jurisdiction.

Cordova next argues the district court violated his due process rights when it prevented his attorney from attending a hearing on the defendants' summary judgment motions because the attorney was exposed to COVID-19. But Cordova forfeited this argument by failing to raise it in his Rule 60(b) motion in the district court. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal.").

Cordova next argues that the district court's judgment should be vacated due to an undisclosed conflict of interest between counsel for the Lafayette General Defendants and Cordova's previous counsel. It is unclear where in Rule 60(b) such contentions are cognizable. If they are cognizable under Rule 60(b)(2) or 60(b)(3) as the Defendants contend, Cordova's motion is plainly time-barred. That is because motions under Rule 60(b)(2) or 60(b)(3) must be filed within one year of the district court's final judgment. And here, Cordova waited 471 days to seek Rule 60(b) relief.

Even if his contentions are cognizable under Rule 60(b)(6), we hold under the facts of this case that the motion was untimely. A motion filed under Rule 60(b)(6) must be asserted within "a reasonable time," FED. R. CIV. P. 60(c)(1), and relief is only available under Rule 60(b)(6) in "extraordinary circumstances," *Buck v. Davis*, 580 U.S. 100, 123 (2017). But Cordova has offered no explanation for why he waited until July 8, 2022, to seek relief from the March 24, 2021, judgment. Indeed, he knew about the purported conflict of interest as early as October 2021, when he raised the point in his untimely blue brief in his first appeal to our court. Yet he did not ask the district court to do anything about it at that point. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (a plaintiff can request Rule 60(b) relief while an appeal is pending).

And in any event, Cordova makes no attempt to explain how the purported conflict of interest would warrant reopening the March 24, 2021, judgment. The Louisiana Rules of Professional Conduct define a concurrent conflict of interest as one in which "the representation of one client will be directly adverse to another client" or "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another." LA. R. PROF COND. R. 1.7. And under Rule 60(b)(6), courts have long recognized that such an undisclosed conflict only amounts to an "extraordinary circumstance" where a plaintiff can show prejudice—that is that he was "adversely affected by the purported conflict." *Gordon v. Norman*, 788 F.2d 1194, 1197–98 (6th Cir. 1986); *see also Marderosian v. Shamshak*, 170 F.R.D. 335, 340–41 (D. Mass. 1997). Here, Cordova fails to point to any evidence that the alleged conflict posed a "significant risk" of "materially limiting" the quality of Cordova's representation in this proceeding.

III.

We next turn to the district court's award of fees and costs in No. 22-30732. We review an award of attorney fees for abuse of discretion. *Loftin v. City of Prentis*, 33 F.4th 774, 779 (5th Cir. 2022). "A district court abuses its discretion if it (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Ibid.* (quotation omitted).

Cordova argues the district court's award of fees and costs to the LSU Defendants should be reversed because the LSU Defendants failed to request fees and costs through a separately filed motion and thus were not entitled to them under Federal Rule of Civil Procedure 54(d). But again, Cordova forfeited this argument by failing to raise it below. *See Rollins*, 8 F.4th at 397. And even if we could consider the argument, it fails for two independent reasons.

That is first because a "party seeking attorney[] fees must make a timely Rule 54(d)(2)(B) motion *unless it falls under a Rule 54(d) exception.*" *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996) (emphasis added). The district court's award of fees and costs here plainly falls under Rule 54(d)(2)(E)'s sanctions exception given that the LSU Defendants requested fees and costs in their Rule 60(b) response *as a sanction* for having to oppose Cordova's baseless Rule 60(b) motion. *See id.* at 766 n.9. And second, we've long held that "a court may *deem* a notification" of a request for attorney fees "sufficient if it satisfies the intended purposes of Rule 54(d)(2)" even if it fails to comply with Rule 54(d)(2)'s formal requirements. *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1988) (emphasis added). Here, the district court plainly "deemed" the LSU Defendants' request for fees and costs in their response to Cordova's Rule 60(b) motion as sufficient to "properly notify" Cordova "of their requests

6

for attorney[] fees." *Id.* And Cordova admits he had notice and the opportunity to respond (in fact, he actually did respond) to the LSU Defendants' request for fees and costs in his reply in support of the Rule 60(b) motion. *See* Blue Br. 24.

## IV.

Finally, we turn to Federal Rule of Appellate Procedure 38. That rule provides that if "a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . award just damages." FED. R. APP. P. 38. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988).

Here, Cordova has repeatedly refused to heed the district court's warnings about "unreasonable attempts at continuing this litigation" with an untimely and also meritless Rule 60(b) motion. And here again, Cordova has filed another frivolous appeal. Moreover, while this appeal was pending, the district court granted the Lafayette General Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 and set that matter for a hearing on the appropriate damage amount. *See Cordova v. La. State Univ. Health Sci. Ctr.*, No. 6:19-CV-1027, ECF No. 169 (W.D. La. Feb. 27, 2023). We, therefore, grant the appellees' Rule 38 motion and remand for the district court to fix the appropriate sanctions, attorney fees, and costs for this appeal. *See Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 468 (5th Cir. 1980); *see also Henneberger v. Ticom Geomatics, Inc.*, 793 F. App'x 241, 244 (5th Cir. 2019). We believe the district court is in the best position to set an appropriate sanction that both deters vexatiousness and also does not duplicate the other sanctions imposed or to-be-imposed in this case.

\* \* \*

22-30548
c/w No. 22-30732

For the foregoing reasons, the district court's denial of relief under Federal Rule of Civil Procedure 60(b) is AFFIRMED. The district court's award of fees and costs is AFFIRMED. And the case is REMANDED for calculation of damages, attorney fees, and costs under Federal Rule of Appellate Procedure 38. Cordova's motions to disqualify counsel and for sanctions, damages, attorney fees, and costs under 28 U.S.C. § 1927 are DENIED.