Barry M. BARASH, Chapter 7, Trustee for Raymond M. Pine, Jr., et al., Plaintiff,

v.

GALE EMPLOYEES CREDIT UNION, a corporation, Defendant.

No. 80–2655.

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1981.

Decided Sept. 11, 1981.

Barry M. Barash, Galesburg, Ill., for plaintiff.

Harry C. Bulkeley, Lucas, Brown & McDonald, Galesburg, Ill., for defendant.

Before SPRECHER, Circuit Judge, MARKEY *, Chief Judge of the U.S. Court of Customs and Patent Appeals, and CUDAHY, Circuit Judge.

MARKEY, Chief Judge.

Appeal from a judgment of the district court for the Central District of Illinois denying a guarantor recovery under the Truth In Lending Act (Act) for inadequate disclosure made to a principal borrower. We reverse.

## Background

Raymond Pine sought to borrow from Gale Employees Credit Union (Union) of which he was a member. His wife Darlene was not a member, because she was employed elsewhere. Among the papers evidencing the loan transaction, all of which are dated 1 June 1979, is a "Comaker and Guarantor Agreement" and a "Wage Assignment" in favor of Union, both signed by Darlene, and an Agreement and Truth in Lending Disclosure signed only by Raymond. Because the disclosure document was signed only by Raymond, it is presumed that the disclosure required by the Act was made only to him and that Darlene did not see it.

The Pines having filed in bankruptcy, trustee Barash sued Union for violation of the Act, seeking to recover the statutory maximum ($1,000) for each of Raymond and Darlene under Section 1640(a) of the Act.[1] On August 1, 1980, the bankruptcy court issued a judgment order requiring payment of $2,000 in damages, plus $500 as attorneys fees, and costs, to the plaintiff. On October

---

* The Honorable Howard T. Markey, Chief Judge of the U.S. Court of Customs and Patent Appeals, is sitting by designation.

1. 15 U.S.C. 1640(a) reads:
   Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
   (1) any actual damage sustained by such person as a result of the failure;
   (2)(A) in the case of an individual action twice the amount of any finance charge in ·

24, 1980, the district court issued a judgment reducing the damages in the bankruptcy court order from $2,000 to $1,000.

Neither the bankruptcy nor the district court supplied an opinion with their respective orders. It is clear, however, and the parties have so presented the matter to us, that the bankruptcy court viewed the remedy for violation of the Act as encompassing recovery of civil penalties by Raymond and Darlene and the district court considered the remedy as limited to recovery by Raymond.

### Issue

The issue is whether, along with the primary obligor, a guarantor is entitled to recover under the Act, the disclosure violative of the Act having been made only to the primary obligor.

### OPINION

The material facts are not in dispute. Raymond is a primary obligor. Darlene is a guarantor.[2] Union's disclosure constituted a violation of the Act and was made only to Raymond. Raymond is entitled to recover $1,000 in damages, plus an attorney fee and costs.[3] The sole contention on appeal is whether Darlene, a guarantor, may also recover $1,000 in damages.[4] We hold that she can.

As reflected in the guarantor agreement signed by Darlene, Union was "unwilling to extend credit to debtor unless it receives a guaranty of payment". That agreement specified that Darlene unconditionally guaranteed payment of the full amount loaned, plus interest accrued and the costs of collection. Respecting Raymond's liabilities, it

provided that Darlene waived presentment, demand, protest, and notice of protest and dishonor. In addition, she gave Union an assignment of her wages from her employment with Rockwell International and future employers. Darlene thus undertook, as required by Union, substantial obligations to Union. If Raymond defaulted, she would stand in his shoes.

Union argues that Darlene was not a co-maker or joint obligor, asserting that she would be liable only on default of Raymond. Harkening to the statute and its remedial purposes, however, it is clear that Darlene's status as a contingent obligor is enough. Whether Darlene's obligations were primary or contingent bears no probative relation to the question of whether Union's breach of its disclosure duty under the Act should render it liable to her. Nothing in the Act limits a creditor's liability for its violation to primary obligors, co-makers or joint obligors. The civil penalties of Section 1640(a), (2)(A), and (3), limited in amount as they are, were designed to aid enforcement of the Act, not to compensate or reimburse a party for having undertaken a particular obligation. Actual damages resulting from the violation may be recovered under Section 1640(a)(1).

To hold that because Darlene's obligations were contingent upon Raymond's default she could not recover the penalty for Union's failure to make truthful disclosures would be to countenance a practice under which a creditor would be the beneficiary of substantial, albeit contingent, obligations running from a guarantor, but would be free of any reciprocal responsibilities whatever. Such an interpretation would enable

connection with the transaction, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000;
. . .

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

2. Barash's brief refers to Raymond and Darlene as "jointly and severally liable" on the note. It also refers to Darlene as a "consumer" and

"customer". Union disputes those characterizations. Both parties refer to Darlene as a "guarantor", however, and she is deemed such here.

3. Union filed an offer of judgment as to Raymond, admitting that it violated the Act. Barash's allegations concerning the nature of the violations are irrelevant on this appeal.

4. Recovery is limited to twice the finance charge, not to exceed $1,000. 15 U.S.C. § 1640(a).

a violator of the Act to obtain the benefit of guaranteed repayment, while limiting liability for his violation to a single payment of $1,000 to the one primary obligor. Nothing in the Act, in its legislative history, in common sense, or in the record here, would appear to justify such a "heads I win, tails you lose" approach.

In *Mirabel v. General Motors Acceptance Corporation*, 537 F.2d 871 (7th Cir., 1976), this court, after pointing out (at 875) that the disclosure requirements of the Act were enforceable only by regulation and private suits for civil penalties, and quoting (at 881) Section 1640(a), said:

> This appears to indicate that Congress felt that the duty of the creditor ran to each obligor involved in a loan transaction and that for a failure to fulfill this duty each obligor could sue and recover.

In *Mirabel*, Mr. and Mrs. Mirabel purchased an automobile on credit. The court's opinion refers to the Mirabels as "joint obligors", without further description or any indication that Mrs. Mirabel was a guarantor. Nonetheless, we consider the approach and explication of the reasoning applied in *Mirabel* as controlling here, where Darlene is an obligor, albeit a contingent obligor.[5]

Fully applicable here are this court's reference in *Mirabel* (at 881) to Section 1640(a)'s placement on a creditor who fails to comply "with respect to any person" of liability "to such person"; its recognition (at 878) that "the Act should be interpreted liberally in favor of the consumer to affectuate its broad remedial purpose"; its refusal (at 882) to adopt the notion that Section 1631's permissive provision for disclosure to one of multiple obligors can be equated with liability to only that one obligor; and its recognition (at 883) that a creditor's failure to give proper disclosures to one Mirabel was a failure to give proper disclosures to both.

It is true that Section 1640(a) speaks of a creditor's failure to comply with disclosure requirements "with respect to" any person,

and makes the creditor liable to that person. A creditor would not be liable in civil penalties under the section to a person who was a stranger to the transaction. There is no warrant, however, for Union's assumption that "with respect to" must be limited to the one person to whom a creditor, for its administrative convenience, is permitted to make the required disclosure. Section 1640(a) simply does not say that a creditor is liable only to the person to whom a disclosure is made. The admittedly improper disclosure here made to Raymond was made "with respect to" Darlene, who was so inextricably bound into the transaction.

Union rests its entire defense on the undisputed fact that it was *required* under Section 1631 of the Act to make a truthful disclosure only to Raymond. Union then leaps to the bare assertion that it can be held liable for inadequate disclosure only to the one party to whom disclosure was required, phrasing the issue before us as "Whether a person who is not entitled to receive Truth in Lending disclosures may recover for [sic] statutory damages under the Act". That issue has, however, been resolved with respect to joint obligors, only one of which is "entitled" to receive disclosures.

Union attempts to distinguish this court's holding in *Allen v. Beneficial Finance Co. of Gary*, 531 F.2d 797 (7th Cir., 1976) and the holding in *Koerner v. American Express Co.*, 615 F.2d 191 (5th Cir., 1980) *rev'd on other grounds*, —— U.S. ——, 101 S.Ct. 2281, 68 L.Ed.2d 803, on the ground that the creditors in those cases were held liable to joint obligors. In so arguing, Union misses the mark. Union's freedom to disclose to only one of two joint obligors is indistinguishable, when it comes to determining its civil penalty liability, from its freedom to disclose to only the primary obligor in a debtor-guarantor situation. The freedom to make a single disclosure, as this court recognized in *Mirabel*, 537 F.2d at 882, note 21, is intended to facilitate compliance by

**5.** Union's brief, though commendably short, suffers from lack of any mention whatever of *Mirabel*, though the case was mentioned by the

bankruptcy judge and is cited and quoted from in Barash's brief.

reducing paperwork. It was not intended to facilitate *non*-compliance by limiting liability for civil penalties to one party.[6]

The only effort of Union to distinguish a guarantor from a joint obligor in a creditor liability context is the citation of Federal Reserve Board Regulation Z, 226.6(e).[7] But that Regulation, and its Official Board Interpretation,[8] merely recognize that, when faced with joint obligors, it makes no difference which the creditor selects, and that, when faced with a primary obligor and guarantor, a creditor cannot be permitted to ignore the primary obligor and disclose only to the guarantor. The exemption of lenders from making disclosures to guarantors does not differ in kind or effect from the exemption relating to all but one joint obligor. Both were designed to accommodate creditors by easing their paperwork. Neither was designed to distinguish between joint obligors and guarantors in determining the liability of creditors for violations of the Act.

From Regulation Z, Union argues the obvious, namely that it "has no duty to make disclosures to a party secondarily liable on the obligation". Union's difficulty is that it is not being sued for failure to make disclosures to guarantor Darlene. It is being sued for violating the Act in the disclosures it made to Raymond. The question before us is one of remedy for violation, not whether a duty to disclose to a particular party was breached. The remedy here sought includes payment of the civil penalty to both Raymond and Darlene, on the view that Union's failure to comply with the Act occurred "with respect to" both and on the appropriate proposition that Union's violation tainted the entire transaction. Thus, the title given the party to whom disclosures were not made, whether that party be one of many joint obligors or a guarantor, is simply irrelevant to a determination of whether a creditor's liability under the Act must be limited to the party to whom disclosures were made.

## CONCLUSION

Union's failure to comply with the disclosure requirements of the Act having been made with respect to Raymond and his guarantor Darlene, both are entitled to recover the civil penalty provided for in Section 1640(a). Accordingly, the judgment of the district court must be reversed and the cause remanded with instructions to reinstate the judgment order of the bankruptcy court.[9]

REVERSED

---

6. In essence, Union risks loss of a statutory provision designed to accommodate creditors in its attempt here to convert it into a provision limiting the liability of creditors for violations of the Act. Nothing now precludes a creditor from making disclosures to all obligors involved in a loan transaction. Similarly, nothing of record here indicates that Darlene did not read the disclosures made to Raymond. The courts have not required a showing of reliance by those seeking civil penalties. If reliance were required, those standing in an obligor's shoes after a default should be viewed as standing in those shoes when disclosures were made and relied on by the obligor. In sum, a guarantor has the same right as that of a joint obligor to expect that disclosures made to his or her principal were not violative of the Act.

7. Regulation Z, 226.6(e):

In any transaction other than a transaction which may be rescinded under the provisions of Sec. 226.9, if there is more than one customer or lessee, the creditor or lessor need furnish a statement of disclosure required by this part to only one of them other than an endorser, co-maker, guarantor or similar party.

8. Official Board Interpretation (Regulation Z, Sec. 226.603):

Section 226.6(e) states the general rule that, except in the case of a rescindable transaction under Sec. 226.9, where there are multiple customers in a transaction, the creditor is only required to make disclosures to one of them. However, in determining which creditor shall receive disclosures, the creditor may not select a customer who is secondarily liable, such as an endorser, co-maker (one designated as surety), guarantor or a similar party.

9. Union moved in the court below only to dismiss as to Darlene. Hence any right to contest the bankruptcy court's award of attorneys fees and costs would appear to have been foreclosed.