BERANEK, Judge.
The main appeal herein arises from a suit on a note which resulted in a final summary judgment in favor of the appellee/Bank. An order denying the Bank’s motion for attorneys fees is the subject of a cross appeal. The parties agree the loan transaction was governed by Michigan law. Appellant signed a series of notes which were eventually consolidated into a single note. Upon default, the Bank brought suit and appellant, an attorney, asserted the Michigan usury law, Mich.Comp.Laws § 438.31, as a defense. This statute limits interest to seven per cent per annum. There is presently no contest as to the principal amount due and the usury statute, if applicable, constitutes a defense to the payment of interest only. The Bank urges the applicability of Mich.Comp.Laws § 438.61[1] which allows parties to agree in writing to any rate of interest if the loan recipient is a “business entity” and the loan is made for a business purpose. In an obvious attempt at compliance with this statute, the appellant/loan recipient signed affidavits as to each transaction averring that the loan was for a specifically stated business purpose. Appellant attempted to circumvent the effect of his own prior loan affidavits by swearing they were untrue. In an affidavit in opposition to the Bank’s Motion for Summary Judgment, he stated that the loans were actually of a personal rather than business nature and that the Bank was aware that the loan affidavits were false.
On appeal appellant asserts that issues of fact existed as to whether his business purpose affidavits were false and whether the Bank was aware of their falsity. We agree and reverse in part. In conjunction with its motion for summary judgment, the Bank filed the affidavit of a second vice-president who stated that the loan was not usurious under Michigan law because appellant was a business entity and borrowed the money for a business purpose. However, the Bank did not rebut the averments made in appellant’s affidavit. The falsity of the business purpose affidavits and the Bank’s knowledge of such present issues of fact which were inappropriately disposed of on motion for summary judgment. We therefore affirm the judgment as to $77,275.00 principal and reverse and remand for further proceedings regarding interest in accordance with the established principle that factual issues preclude the entry of summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla.1966). This remand is limited strictly to the question of interest on the loan. The cross appeal relating to the denial of attorneys fees is without merit.
*1104 AFFIRMED IN PART AND REVERSED IN PART.
DOWNEY and WALDEN, JJ., concur.

. Mich.Comp.Laws § 438.61. “Business entity defined. Sec. 1(1). As used in this act ‘business entity’ means: (a) A corporation, trust, estate, partnership, cooperative, or association; or (b) A natural person who furnishes to the extender of the credit a sworn statement in writing specifying the type of business and business purpose for which the proceeds of the loan will be used, but the exemption provided by this act does not apply if the extender of credit has notice that the person signing the sworn statement was not engaged in the business indicated. “Written agreement as to rate of interest. (2) Notwithstanding the provisions of Act No. 326 of the Public Acts of 1966, as amended, being sections 438.31 to 438.33 of Michigan Compiled Laws, but subject to any other applicable law of this state or of the United States which regulates the rate of interest, it is lawful in connection with an extension of credit to a business entity by a state or national chartered bank, insurance carrier, or finance subsidiary of a manufacturing corporation for the parties to agree in writing to any rate of interest.”