POSNER, Circuit Judge.
 

 The issue on this appeal is the reasonableness of an award of attorney’s fees under 15 U.S.C. § 1640(a)(3), a part of the Truth
 
 *938
 
 in Lending Act. The appellant, Barash, as trustee of an estate in bankruptcy, sued the appellee, Gale Employees Credit Union, for two violations of the Act, seeking statutory damages of $2,000 under 15 U.S.C. § 1640(a)(2)(A), and won a judgment for that amount in bankruptcy court. The district court reversed with respect to one of the violations, and Barash appealed to this court, which reversed the district court and reinstated the bankruptcy court’s judgment.
 
 Barash v. Gale Employees Credit Union,
 
 659 F.2d 765 (7th Cir.1981). Although that judgment included a $500 attorney’s fee for Barash’s efforts before the district court, after Barash prevailed in this court he applied to the bankruptcy court for an award of attorney’s fees covering his work in all three courts — bankruptcy, district, and this court — and thus superseding the $500 award. The bankruptcy court awarded Barash $1,000 for his time plus $400 for expenses, and Barash has appealed directly to this court under Pub.L. 95-598, Title IV, § 405(c)(1)(B), Nov. 6, 1978, 92 Stat. 2686, claiming that the bankruptcy court abused its discretion in awarding so little for his time.
 

 Barash put in 40 hours on the case and is asking for $50 an hour, for a total of $2,000. Forty hours represents an extraordinarily parsimonious expenditure of time to prosecute a case successfully through a bankruptcy court, a federal district court, and a federal court of appeals. The appel-lee says the issue on the merits was a simple one but the panel that decided the appeal thought the issue significant enough to warrant decision by a signed published opinion that takes up four densely printed pages of F.2d. The appellant deserves commendation and reward for his economy of effort and $50 an hour is not overgenerous.
 

 Some of the bankruptcy judge’s grounds for awarding only half that are captious. The transcript of the fee hearing begins, “Mr. Barash, I don’t understand why it takes you so long to accomplish things. I always thought you considered yourself a very competent lawyer. Now, you say it took you two and a half hours to draft this Complaint.” Two and a half hours is not an excessive amount of time for preparing a complaint. The bankruptcy judge also objected to the appellant’s charging for his travel time. But lawyers normally charge for their travel time. That time is taken away from professional work, and thus involves an opportunity cost which is approximated by the lawyer’s normal billing rate multiplied by the time spent in travel.
 

 The bankruptcy judge’s only substantial objection concerns the small stakes in the underlying suit. Since one of the violations the appellant was suing on was uncontested, only $1,000 was actually at stake in the litigation. But we do not believe that Congress, in entitling prevailing plaintiffs in Truth in Lending cases to get a reasonable attorney’s fee, wanted to limit those awards rigidly to the amount of damages obtained. Cf.
 
 McGowan v. King,
 
 661 F.2d 48, 50 (5th Cir.1981). The provision for awarding attorney’s fees appears in the subsection of the Act that follows the subsection imposing the $1,000 ceiling on damages in suits to recover excessive finance charges, and provides for attorney’s fees “in any case of any successful action to enforce the foregoing liability.” Congress must have known that you cannot prosecute a claim for $1,000 through several courts without incurring more than $1,000 in legal fees and expenses. Of course if multiple violations are proved, or actual damages shown, see 15 U.S.C. § 1640(a)(1), or a class action succeeds, see § 1640(aX2)(B), much larger damage awards than $1,000 are possible. But the language and structure of section 1640 make it doubtful that Congress wanted the provision for awarding attorney’s fees to have no efficacy in single-violation suits to recover unlawful finance charges, which would be the practical result of limiting the amount of the attorney’s fees award to the amount of damages, since the defendant would have only to put up a determined resistance, as here, to put the plaintiff way over $1,000 in legal expenses. See
 
 McGowan v. King, supra,
 
 661 F.2d at 51. Even the bankruptcy judge in this case
 
 *939
 
 implicitly rejected so low and artificial a ceiling, by awarding Barash a total of $1,400 in fees and expenses.
 

 The amount of money at stake in a case is always highly relevant to the reasonableness of an attorney’s fee request — it would have been absurd for Mr. Barash to have spent 1,000 hours trying to establish a $1,000 claim. But in fact he pared his effort to the bone. A parsimonious effort to prove minimum damages should be rewarded, when successful, by the minimum attorney’s fee reasonably calculated to enable lawyers to handle such cases. $2,000 for Mr. Barash’s time is that minimum in this case.
 

 Mirabal v. Genera] Motors Acceptance Corp.,
 
 576 F.2d 729 (7th Cir.1978) (per curiam), does not require a different result. There the district court awarded the plaintiffs’ lawyer $2,000 for his time, his clients having recovered $2,000 in Truth in Lending damages after an appeal, as in this case. We refused to increase the award, stating that “the amount which petitioner claims to have spent on the present case seems clearly out of proportion with the amount in controversy .... To grant attorney’s fees greatly in excess of a client’s recovery requires strong support from the circumstances of the particular case.”
 
 Id.
 
 at 730. The lawyer was asking for a fee based on his having spent 350 hours on the case, which was obviously excessive given the small stakes. We do not know how the district court would have reacted had he put in a more moderate request. Here there is no disproportion between the lawyer’s efforts and the stakes, and his fee request has “strong support from the circumstances of the case,” unless we are to adopt a rule that a Truth in Lending plaintiff ought not bother pursuing his appellate remedies since if he does so his attorney’s fee probably will exceed his damages, and so will have to be paid largely out of the plaintiff’s pocket. And thus the fact that Mr. Barash has a contingent-fee arrangement with the bankrupt estate and is anyway entitled to a fee as trustee of the estate is of no moment. The object of an award of attorney’s fees is to compensate the attorney out of the assets of the violator so that the net damages recovery of the victim will not be diminished to pay his legal expenses.
 

 Mr. Barash is also entitled to a reasonable fee for his time in prosecuting this appeal from the denial of his fee request in the bankruptcy court.
 
 Muscare v. Quinn,
 
 680 F.2d 42, 44 (7th Cir.1982). But as we think two appeals in this tiny case are enough, cf.
 
 id.
 
 at 44 — 45, we direct the bankruptcy court to enter an order awarding Mr. Barash $2,500 — thus including a modest fee for his time on this appeal — plus the expenses that the bankruptcy judge has already approved and any additional expenses, if reasonable in amount, incurred by Barash in prosecuting this appeal. Cf.
 
 McGowan v. King, supra,
 
 661 F.2d at 53.
 

 Reversed.