PER CURIAM.
Defendants, David Peters and Pura Peters, appeal from a final judgment of foreclosure granting the plaintiffs’ motion for summary judgment and dismissing their counterclaims on the basis that there existed no disputed issues of material fact. We reverse.
On March 26, 2003, David and Pura Peters borrowed $325,000 from the plaintiffs, Rogelio and Luisa Ojeda, and Maria Martinez. On that same day, the Borrowers executed a promissory note (“note”) as well as a real estate mortgage (“mortgage”) for property located in Miami, Florida. Defendants also executed a “Business Purpose Affidavit” stating that the $325,000 loan was “for business or commercial purposes, closely related to business of the borrower.” Both parties were aware of the fact that a large portion of the $325,000 was used to pay off a second mortgage on real property. Plaintiffs later advanced to defendants an additional $214,496 to pay off the first mortgage on the real property, which was under foreclosure proceedings; the advance was secured under the mortgage.
Plaintiffs allege that defendants “defaulted under the note and mortgage by failing to pay the payment due on November 1, 2003 and each payment due thereafter.” On December 24, 2003, plaintiffs sent a letter to defendants informing them that they failed to make payments for November and December 2003. The letter also informed the defendants that plaintiffs would file a foreclosure action if they failed to pay the total amount due plus accrued interest by December 31, 2003.
On January 13, 2004, plaintiffs filed a complaint seeking to 1) foreclose on the mortgage and 2) enforce the promissory note. Plaintiffs also sought an award of attorneys’ fees and costs. Thereafter, defendants filed their answer and also filed counterclaims and affirmative defenses. In their counterclaims, the defendants alleged that the plaintiffs violated multiple consumer protection Acts including 1) the Home Owners Equity Protection Act and 2) the Florida Fair Lending Act.[1]
*221 On June 10, 2004, plaintiffs moved for summary judgment. On July 29, 2004 and on July 30, 2004, each of the defendants, David Peters and Pura M. Peters, respectively, filed affidavits in opposition to the motion for summary judgment. The affidavits stated that the loan was for personal purposes and that they only signed the “Business Purpose Affidavit” because it was in a stack of documents that they were told they needed to sign in order to get the loan.
The trial court granted plaintiffs’ motion for summary judgment and motion to dismiss the defendants’ counterclaims with prejudice. The trial court then entered a final judgment of foreclosure in favor of the plaintiffs in the amount of $614,892.06, which included the original loan proceeds of $325,000, the $214,496 advance, interest, and attorneys’ fees and costs. Defendants’ appeal follows.
Defendants maintain that the trial court erred in relying on the “Business Purpose Affidavit”, especially in light of the defendants’ subsequent affidavits stating that the loan was for personal purposes. They contend that, while the “Business Purpose Affidavit” raised a rebuttable presumption that the loan was for commercial use, the defendants’ affidavits sufficiently rebutted this presumption, resulting in a disputed issue of material fact concerning whether or not the loan was for a business purpose. Moreover, if able to show that the loan was not for commercial purposes, defendants contend they are entitled to pursue their counterclaims.
In support of their position, defendants rely on several Florida cases holding that summary judgment is inappropriate where there exists a disputed issue of material fact concerning whether or not a loan was for a business purpose despite the existence of a signed “Business Purpose Affidavit.” See Maddox v. St. Joe Papermakers Fed. Credit Union, 572 So.2d 961, 962 (Fla. 1st DCA 1990) (holding that courts should look to a borrower’s use of the loan proceeds rather than the borrower’s subjective motivation); Chopper v. Nat’l Bank of Detroit, 422 So.2d 1102 (Fla. 4th DCA 1982) (holding that the falsity of the business purpose affidavits and the Bank’s knowledge of such falsity presented issues of fact which were inappropriately disposed of on a motion for summary judgment).
Plaintiffs argue that summary judgment was proper where there are no disputed issues of material fact. They maintain that the loan documents, including the “Business Purpose Affidavit,” are unambiguous and that defendants are barred from introducing parol evidence to support their claims. See V & M Erectors, Inc. v. The Middlesex Corp., 867 So.2d 1252 (Fla. 4th DCA 2004). Plaintiffs maintain that the trial court’s entry of summary judgment was proper because the court based its ruling on the entirety of the loan documents.
In reviewing the motion for summary judgment, we find that the trial court should have considered all of the evidence, including the defendants’ affidavits and the loan documents. We find that the defendants’ affidavits as well as the plaintiffs’ knowledge that a large portion of the original loan proceeds were dsed to pay off a second mortgage on real property created a genuine issue of material fact concerning the loan’s purpose.
We agree with the holdings in Maddox, supra, and Chopper, supra, that summary judgment is not' appropriate under such circumstances because a genuine issue exists as to whether the loan was for person *222 al or business purposes and, as such, whether the purpose of the loan has been demonstrated in such a way as to provide an exception to the Home Owners Equity Protection Act and the Florida Fair Lending Act.
Accordingly, we reverse the entry of summary judgment in favor of the plaintiffs and reverse the dismissal of defendants’ counterclaims. We remand the case to the trial court for further proceedings consistent with our holdings.
Reversed and remanded.

. We note that business loans are exempt from these state and federal Acts as these Acts govern personal, family or household loans. See Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., as amended by the Home Owners Equity Protection Act, 15 U.S.C. §§ 1602(aa) and 1639, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (2003); see also Florida Fair *221 Lending Act, §§ 494.0078-494.00797, Fla. Stat. (2003).