**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210389-U

Order filed June 23, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| CATHY JONES, SCOTT JONES and JOHN DONNELLY, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0389 Circuit No. 17-L-153 |
| BRANDT CONSTRUCTION CO., CHARLES BRANDT, TERENCE BRANDT, LISA COYNE and KELLY BISBY, | ) ) ) ) | The Honorable Kathleen E. Mesich, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justices McDade and Hauptman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) Trial court did not abuse its discretion in granting attorney fees of $135,540.80 and costs of $20,776.02 to plaintiffs for wage claims where defendants vigorously defended against plaintiffs' claims; and (2) Plaintiffs are entitled to appellate attorney fees and costs where defendants appealed trial court's award.

¶ 2    Plaintiffs Cathy Jones, Scott Jones and John Donnelly filed a complaint against their former employer, defendant Brandt Construction Co., and its officers and directors, alleging violations of the Illinois Prevailing Wage Act (Prevailing Wage Act) (820 ILCS 130/1 *et seq.*

(West 2020)) and Illinois Wage Payment and Collection Act (Wage Payment Act) (820 ILCS 115/1 *et seq.* (West 2020)). More than two years later, the parties participated in mediation. Following mediation, the parties entered into an agreement requiring defendants to pay plaintiffs a total of $30,000. Plaintiffs then filed a motion seeking $182,525.50 in attorney fees and $20,776.02 in costs from defendants. Following a hearing, the trial court ordered defendants to pay $135,540.80 in attorney fees and all costs plaintiffs requested. Defendants appeal, arguing that the trial court abused its discretion in its award of fees and costs. Plaintiffs filed a motion seeking attorney fees and costs incurred on appeal. We affirm the trial court's award, grant plaintiffs' motion, and remand for further proceedings.

¶ 3                                                    BACKGROUND

¶ 4        Plaintiffs Cathy Jones and Scott Jones worked as employees of Brandt Construction Co. until mid-2017. In late 2017, the Joneses filed a complaint in circuit court in Rock Island County against Brandt Construction Co., as well as its president, Charles Brandt, its treasurer, Terence Brandt, its human resource director, Lisa Coyne, and its comptroller, Kelly Bisbee, alleging violations of the Prevailing Wage Act and Wage Payment Act.

¶ 5        On January 1, 2018, defendants removed the action to federal court. Thereafter, defendants filed a motion to dismiss, and plaintiffs filed a motion to remand the case to state court. On June 18, 2018, the federal court granted plaintiffs' motion to remand the case to the circuit court in Rock Island County and denied defendants' motion to dismiss as moot.

¶ 6        On April 5, 2019, defendants filed a motion for partial summary judgment or, alternatively, dismissal under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2020)), and a motion to strike all references to the Wage Payment Act. Plaintiffs filed a response in opposition to that motion. The court denied defendants' motion.

¶ 7    On September 13, 2019, the Joneses sought leave to file an amended complaint to add: (1) a new plaintiff, John Donnelly, another former employee of Brandt Construction Co., and (2) a new count for accounting and imposition of a constructive trust. The trial court granted plaintiffs' motion. On January 29, 2020, plaintiffs disclosed Michelle Steckel as their Illinois Supreme Court Rule 213(f)(3) expert and provided defendants with her calculations and report. On June 3, 2020, defendants filed a motion to strike or bar Steckel's report. Plaintiffs filed a response to that motion. The trial court never ruled on that motion.

¶ 8    On July 7, 2020, defendants filed a motion for summary judgment. Plaintiffs filed a response in opposition to defendants' motion as well as a cross-motion for summary judgment. The trial court did not rule on those motions but, instead, on October 13, 2020, the court entered an order referring the parties to mediation.

¶ 9    Following mediation, defendants and plaintiffs entered into an agreement, pursuant to which defendants agreed to pay plaintiffs a total of $30,000 for their pending claims "arising out of alleged violations of the Illinois Prevailing Wage and Wage Collection Acts ***." The agreement further provided: "As to fee and cost shifting under the aforementioned Acts, the Plaintiffs will file a Petition for Attorney's Fees and Costs upon which a hearing on the reasonableness thereof may be held." The $30,000 award was split between the parties: Scott Jones received $17,503.94; Cathy Jones received $284.29; and Donnelly received $12,211.77.

¶ 10    On January 22, 2021, plaintiffs filed a motion for attorney fees and costs. Plaintiffs sought $182,525.50 in legal fees for work performed by attorneys Lance Jones, Charles Insler, Adam McGonigle and Julieta Kosiba, and paralegals Angela Buhl, Jessica Shapiro, and Erika Lynch.

¶ 11    According to plaintiffs' motion, Jones spent 491.10 hours on plaintiffs' case, at an hourly rate of $300 for a total of $147,330.00. The timekeeping records attached to the motion show that

Jones spent 14.8 hours drafting plaintiffs' initial complaint and 6.3 hours drafting the amended complaint. Jones also spent a total of 43.4 hours traveling to court hearings and depositions. Jones prepared for and attended 9 depositions for a total of 65.9 hours.

¶ 12    According to plaintiff's motion, Kosiba spent a total of 28.3 hours on plaintiffs' case at an hourly rate of $225.00 for a total of $6.367.50. The timekeeping records show that Kosiba spent 21.8 hours drafting plaintiffs' response to defendants' motion to strike Steckel's report.

¶ 13    Plaintiffs' motion alleged that Buhl spent 68 hours on plaintiffs' case, at an hourly rate of $105 for a total of $7,140 in fees. However, the timekeeping records attached to plaintiffs' motion contain duplicate time entries for Buhl from October 2019 to November 2019. After removing those duplicate entries, Buhl's timekeeping records show that she spent a total 42.3 hours on plaintiffs' case.

¶ 14    Finally, according to plaintiffs' motion, Lynch spent 83.30 hours on plaintiffs' case, at an hourly rate of $105 for a total of $8,746.50 in fees. However, some of Lynch's time entries from June 2019 to November 2020 contain duplicates of the same entries. Removing those duplicate entries reduces her hours by 11.7. While Lynch's records include entries for photocopying documents, she did not record any hours or attach any monetary value to those entries, noting them as "non-billable" hours.

¶ 15    Plaintiffs also sought costs of $20,776.02, consisting of filing fees, sheriff's fees, subpoena fees, mileage, mediation fees, deposition transcription fees, and expert witness fees. The fees related to Steckel, plaintiffs' expert witness, totaled $9,612.00.

¶ 16    Defendants filed a response arguing that plaintiffs were entitled to, at most, $1,000 in attorney fees. They argued that plaintiffs' request for fees should be greatly reduced because (1) Jones could not recover for his travel time, (2) Lynch was entitled to no fees because she is a legal

secretary, not a paralegal, and (3) the fees plaintiffs requested were "grossly disproportionate to the settlement amount." Defendants further argued that plaintiffs were entitled to be reimbursed only for their filing fees but no other costs, including all expenses related to Steckel, as well as depositions, which defendants described as "unnecessary."

¶ 17 On March 5, 2021, and July 22, 2021, the trial court held hearings on plaintiffs' motion for attorney fees and costs. At the second hearing, the trial judge stated that she "extensively review[ed]" plaintiffs' motion and exhibits, including the timekeeping records of plaintiffs' attorneys and paralegals. Based on her review, she found the billing rate for plaintiffs' attorneys and legal staff to be reasonable, but she reduced the hours billed as follows: (1) several hours billed by Jones for drafting the complaint and Kosiba for drafting the motion to strike, finding the time billed for those documents to be "slightly excessive," (2) Lynch's time by 36 hours because she performed "some secretarial work and she billed for things like photocopying documents," and (3) Buhl's time by 25.7 hours because of the double-billing of her work from October to November 2019. The judge explained: "[A]fter subtracting the non-reasonably expended hours, the Court comes to a total of [$]169,426."

¶ 18 The trial court then considered various factors. First, the court considered the "militant or aggressive litigation styles by either party" and determined that defendants "increase[d] the costs of litigation" by filing "multiple motions that required significant time to rebut by the plaintiffs, and all those were denied." Second, the court considered "the amount involved" and found there to be a "striking imbalance" between the amount plaintiffs received from defendants and the amount they sought in attorney fees. Third, the court considered "the result obtained" and determined that despite plaintiffs' small monetary award, plaintiffs were "successful" in their lawsuit against defendants. Fourth, the court examined "the degree of the parties' culpability or

5

bad faith throughout the proceeding" and noted that plaintiffs' fee petition contained some billing errors, which the court did not believe were made in bad faith but "were still mistakes." Thereafter, the court stated that it considered other factors, including (1) the merits of the parties' positions, (2) the ability of the opposing party to satisfy the award, (3) the skill required for the legal work, (4) the nature of the case, (5) the novelty or difficulty of the issues involved, (6) whether the action sought to resolve a significant legal issue, (7) whether the action sought to benefit a group of people or only the plaintiffs, and (8) whether the award of fees would deter similar defendants.

¶ 19     After considering these factors, and particularly "the large discrepancy between the fees and the damages in addition to the oversight in hours," the court determined that a 20% reduction in fees would be "a fair and equitable award to the plaintiffs." On August 19, 2021, the trial court entered a written order requiring defendants to pay plaintiffs $135,540.80 in attorney fees, and costs of $20,776.02. Defendants appealed that order, and plaintiffs filed a motion requesting their attorney fees and costs on appeal.

¶ 20                                      ANALYSIS

¶ 21     Generally, Illinois adheres to the "American Rule" whereby each party to litigation bears its own attorney fees, absent a specific fee-shifting statute or contractual agreement. *Taylor v. Pekin Insurance Co.*, 231 Ill. 2d 390, 398-99 (2008). The Wage Payment Act contains a fee-shifting provision, which provides, in relevant part:

> "Any employee not timely paid wages, final compensation, or wage supplements
> by his or her employer as required by this Act shall be entitled to recover *** in a
> civil action ***. In a civil action, such employee shall also recover costs and all
> reasonable attorney's fees." 820 ILCS 115/14(a) (West 2020).

6

¶ 22     When the word "shall' is used in a fee-shifting statute, an award of fees is mandatory. *Kirk v. Arnold*, 2020 IL App (1st) 190782, 16. Thus, section 14(a) of the Wage Payment Act requires that a plaintiff be reimbursed for "all reasonable attorney fees '[i]n a civil action' for unpaid wages." *Thomas v. Weatherguard Construction Co., Inc.*, 2018 IL App (1st) 171238, ¶ 69 (citing 820 ILCS 115/14(a) (West 2010)). The purpose of this provision is to protect "exploited workers from unscrupulous businesses" by enabling employees to pursue a claim for wages without having to bear the costs of litigation. See *id.* ¶¶ 70-71. "A worker *** would not be in a position to pursue a civil action without the statute's incentive of fee recovery by the prevailing attorney." *Id.* ¶ 71.

¶ 23                                           I.

¶ 24     Defendants argue that the trial court's award of attorney fees and costs to plaintiffs was "unreasonable" because many of the hours and costs billed by plaintiffs' legal staff were "excessive", including (1) the time Jones spent drafting the complaint and amended complaint, (2) all costs related to Steckel, (3) Jones's travel expenses, (4) Jones's time for deposition preparation and attendance, and (5) all of Lynch's fees.

¶ 25     In determining whether the attorney fees sought are reasonable, courts assess a number of factors, including "the skill and standing of the attorneys, the nature of the case, the novelty and/or difficulty of the issues and work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client [citation], and whether there is a reasonable connection between the fees and the amount involved in the litigation [citations]." *Kaiser v. MEPC American Properties, Inc.,* 164 Ill. App. 3d 978, 984 (1987); see also Ill. R. Prof. Conduct (2010) R. 1.5(a) (eff. Jan. 1, 2010) (prohibiting lawyers from charging unreasonable fees and specifying factors governing determination of reasonableness).

"[A] court should also use its own knowledge and experience when making the reasonableness determination." *Richardson v. Haddon*, 375 Ill. App. 3d 312, 315 (2007).

¶ 26    A properly supported fee petition must specify the services performed, by whom, the time expended and the rate charged. *Kaiser,* 164 Ill.App.3d at 984. The party seeking fees bears the burden of presenting sufficient evidence to support a determination that the fees sought are reasonable. *Id.* at 983. A trial court should not simply "rubber stamp" a plaintiff's petition for attorney fees. See *Father & Sons*, 2016 IL App (1st) 143666 ¶ 72. "The records submitted to the court should be scrutinized for their reasonableness in the context of the case." *Richardson*, 375 Ill. App. 3d at 314.

¶ 27    "In a fee-shifting case, the fact that the amount of the fees sought exceeds the client's recovery, even by a large margin, does not, standing alone, justify rejection of the amount sought." *Young v. Alden Gardens of Waterford, L.L.C.*, 2015 IL App (1st) 131887, ¶ 104 (citing *Verbaere v. Life Investors Insurance Co. of America,* 226 Ill. App. 3d 289, 302 (1992) (approving $31,500 in fees incurred in connection with recovery of $10,000); *City of Riverside v. Rivera,* 477 U.S. 561 (1986) (approving $245,000 fee on recovery of $33,350 in civil rights case)). "Rather, the size of the fee in relation to the benefit to the client and, in the context of this case, the purpose to be served by the statutory fee-shifting provision, are relevant considerations in the trial court's determination of a reasonable fee." *Young,* 2015 IL App (1st) 131887, ¶ 104.

¶ 28    When a party claims that a trial court's fee award is "excessive," a reviewing court may consider whether that party chose "to aggressively litigate" the case by "raising virtually every conceivable issue." *Id.* ¶ 106. While a defendant is "entitled to litigate every issue in the case through trial and on appeal, it can hardly be surprised that its 'no holds barred' defense resulted

and continues to result in a correspondingly greater expenditure of time by [plaintiffs']
counsel." *Id.* ¶ 85.

¶ 29        An attorney's travel time is recoverable in a petition for attorney fees. See *Matter of Pine*,
705 F.2d 936, 938 (7th Cir. 1983). "[L]awyers normally charge for their travel time." *Id*. "That
time is taken away from professional work, and thus involves an opportunity cost which is
approximated by the lawyer's normal billing rate multiplied by the time spent in travel." *Id*. In
addition to travel time, an attorney may recover fees for time spent preparing for and attending
depositions. See *Rosen v. Larkin Center, Inc.*, 2012 IL App (2d) 120589, ¶¶ 9, 23.

¶ 30        A party's recoverable attorney fees generally may not include "office overhead expenses,
which an attorney incurs regardless of specific litigation." *Father & Sons Home Improvement II,
Inc. v. Stuart*, 2016 IL App (1st) 143666, ¶ 69. Such expenses include "telephone charges, in-house
delivery charges, in-house photocopying, check processing, newspaper subscriptions, and in-
house paralegal and secretarial assistance." *Johnson v. Thomas,* 342 Ill. App. 3d 382, 401 (2003).
"When paralegals or other non-attorneys, however, perform special legal tasks, which would
otherwise have to be performed by an attorney, the fees incurred from those tasks are recoverable
because they cannot be regarded as overhead office expenses that are already included in the
attorney's hourly rate." *Father & Sons*, 2016 IL App (1st) 143666, ¶ 69.

¶ 31        The Illinois Supreme Court defines "costs" as "allowances in the nature of incidental
damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses
necessarily incurred in the assertion of his rights in court." *Galowich v. Beech Aircraft Corp.,* 92
Ill. 2d 157, 165-66 (1982). Costs for transcribing deposition testimony and those associated with
the attendance of witnesses at depositions are normally recoverable as reasonable expenses. *Young*,
2015 IL App (1st) 131887, ¶ 111. Services for which special payment is made to third parties are

9

also recoverable costs. *Johnson*, 342 Ill. App. 3d at 402 (2003) (citing *Harris Trust & Savings Bank v. American National Bank & Trust Co.,* 230 Ill. App. 3d 599, 600 (1992)). Such costs include expenses for expert witnesses, special process servers, depositions, court reporters, and filing fees. *Id.*

¶ 32     An award of attorney fees is within the discretion of the trial court and its decision will not be disturbed on review absent an abuse of that discretion. *In re Marriage of Heroy*, 2017 IL 120205, ¶ 13. An abuse of discretion occurs only when the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.* ¶ 24. "Merely characterizing an award of attorney fees as 'excessive' *** does not amount to establishing that the trial court abused its discretion." *Father & Sons*, 2016 IL App (1st) 143666, ¶ 48.

¶ 33     Here, the trial court "extensively review[ed]" plaintiffs' fee petition and the timekeeping records provided by plaintiffs supporting the petition. After reviewing those documents, the court found some of the time expended by plaintiffs' attorneys in drafting various documents to be "slightly excessive" and reduced the hours billed accordingly. Additionally, the court found some of the tasks performed by Lynch constituted secretarial tasks, such as photocopying, and reduced her hours. The court also reduced Buhl's hours, finding some duplicate entries in her timekeeping records. Thereafter, the court imposed an overall reduction of 20% in fees due to the "large discrepancy" in the fees awarded and the amount recovered by plaintiffs, as well as plaintiffs' billing errors. The trial court's ultimate award of attorney fees was approximately 25% less than the amount originally requested by plaintiffs.

¶ 34     Nevertheless, defendants contend that the trial court's award is "unreasonable" because plaintiffs' petition contained "excessive" charges in a number of areas, including (1) the time Jones

10

spent drafting the complaint and amended complaint, (2) all costs related to Steckel, (3) Jones's travel time, (4) Jones's time for deposition preparation and attendance, and (5) all of Lynch's fees. We disagree.

¶ 35 First, as explained above, the trial court reduced the number of hours Jones billed for drafting the complaint, as well as hours billed by Kosiba in drafting a motion to strike. Second, defendants' contention that plaintiffs could recover no costs related to Steckel is not supported by the evidence. Steckel was an expert witness and, thus, plaintiffs' expenditures related to Steckel were recoverable costs. See *Johnson*, 342 Ill. App. 3d at 402. Third, Jones' travel time was properly included in the fee petition. See *Pine*, 705 F.2d at 938. Fourth, Jones was entitled to be reimbursed for his time spent preparing for and attending depositions. See *Rosen*, 2012 IL App (2d) 120589, ¶¶ 9, 23. Finally, the trial court properly reduced Lynch's hours for time spent on secretarial tasks that did not require special skill. See *Father & Sons*, 2016 IL App (1st) 143666, ¶ 69.

¶ 36 We, like the trial court, acknowledge that the fees and costs awarded plaintiffs greatly exceed the damages plaintiffs recovered in their underlying case. However, we are also mindful, as was the trial court, that plaintiffs' attorneys spent a great deal of time responding to defendants' motions, which were unsuccessful. Because defendants chose to vigorously defend their position in this case, they should not be surprised by the size of the fee award. See *Young*, 2015 IL App (1st) 131887, ¶ 85.

¶ 37 Based on the record, the trial court did not simply rubber stamp plaintiffs' fee petition but carefully examined the motion and the records supporting it. The trial court reduced some of the hours billed and reduced the overall amount of fees requested. The trial court did not abuse its discretion in awarding plaintiffs attorney fees of $135,540.80 and costs of $20,776.02.

¶ 38                                                    II.

¶ 39          Plaintiffs filed a motion in this court requesting appellate attorney fees and costs because they were required to defend the trial court's award on appeal.

¶ 40          "Typically, where a party that prevails in the trial court is required to defend that victory on appeal, courts award attorney fees to that party for their work on the appeal, too, provided they prevail on appeal as they did at trial." *Trutin v. Adam*, 2016 IL App (1st) 142853, ¶ 35; see *Melton v. Frigidaire*, 346 Ill. App. 3d 331, 341 (2004) (attorney fees on appeal available under Magnuson-Moss Warranty-Federal Trade Commission Improvements Act, which allows a prevailing party to recover attorney fees "reasonably incurred"); *Chesrow v. Du Page Auto Brokers, Inc.*, 200 Ill. App. 3d 72, 76 (1990) (Consumer Fraud and Deceptive Business Practices Act allows for award of attorney fees on appeal, where it provides for "reasonable attorney fees and costs to prevailing party"); *Ustrak v. Fairman*, 851 F. 2d 983, 990 (7th Cir. 1988) (plaintiff who prevailed in civil rights action entitled to reasonable expenses incurred on appeal).

¶ 41          An appeal is "a continuation of the trial court proceeding in which a plaintiff prevailed." *Trutin*, 2016 IL App (1st) 142853, ¶ 38. "Where the claim must be litigated not only at trial, but also on appeal, then the attorney's fees and costs incurred by the prevailing party in connection with appellate proceedings must be deemed an integral part of that claim and should be recoverable under the statute." *Warren v. LeMay*, 142 Ill. App. 3d 550, 583 (1986). When a defendant appeals a judgment favorable to the plaintiff and the plaintiff incurs expenses in defending the judgment, the plaintiff "should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the [trial] court." *Ustrak*, 851 F. 2d at 990 see also *Check v. Clifford Chrysler-Plymouth of Buffalo Grove, Inc.*, 342 Ill. App. 3d 150, 166 (2003) (a plaintiff who defends the judgment on appeal is entitled to appellate attorney fees and costs).

¶ 42        When the purpose of a statute is to redress a wrong and the statute allows for the plaintiff to recover attorney fees, the plaintiff should also be entitled to fees and costs incurred on appeal. See *Melton*, 346 Ill. App. 3d at 341. "[T]he purpose of the [Wage Payment] Act is to assist employees in seeking redress for an employer's wrongful withholding of employee benefits." *Kim v. Citigroup, Inc.*, 368 Ill. App. 3d 298, 306 (2006). Allowing exploited employees to recover fees and costs incurred on appeal is consistent with this purpose.

¶ 43        Here, plaintiffs were successful in their Wage Payment Act claim against defendants and were awarded attorney fees and costs by the trial court. Defendants appealed the trial court's award, and plaintiffs have incurred fees to defend the court's judgment. As such, plaintiffs are entitled to appellate attorney fees and costs. See *Trutin*, 2016 IL App (1st) 142853, ¶ 35; *Check*, 342 Ill. App. 3d at 166; *Warren*, 142 Ill. App. 3d at 583. We remand the cause to allow plaintiff to file a petition for attorney fees and costs incurred on appeal.

¶ 44                                    CONCLUSION

¶ 45        We affirm the judgment of the Circuit Court of Rock Island County and remand the cause to the circuit court for consideration of attorney fees and costs incurred on appeal.

¶ 46        Affirmed and remanded.